FILED
FEB 17 2010
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ROBERT LAUCELLA,

       Petitioner,                    No. CIV S-08-109 LKK CHS P

       vs.

D.K. SISTO,

       Respondents.               ORDER
_____/

       This case concerns a petition for habeas corpus, wherein petitioner challenges the Governor of California's reversal of a 2002 grant of parole. On February 8, 2010, this court adopted the findings and recommendations of the magistrate judge, and thereby granted the petition. Respondent has filed a notice of appeal, and seeks a stay pending resolution of the appeal.

       Under Fed. R. App. P. 8, this court has jurisdiction to stay the grant of relief pending appeal. This court has discretion whether to issue such a stay, guided by consideration of "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Ninth Circuit

1  conceives this standard as "two interrelated legal tests" operating along a continuum. *Lopez v.*
2  *Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). At the end of one continuum, the moving party
3  may succeed if it shows that there is a probability of success on the merits as well as a possibility
4  of irreparable injury. *Golden Gate Restaurant Ass'n v. City and County of San Francisco*, 512
5  F.3d 1112, 1115-16 (9th Cir. 2008). At the other end, the moving party may succeed if it shows
6  that it has raised "serious legal questions" and that "the balance of hardships tips sharply in its
7  favor." *Id.* at 1116 (quoting *Lopez*, 713 F.2d at 1435). Finally, the district court must consider
8  the public interest implicated by the grant of the stay; this consideration is distinct from the harm
9  to the parties in the court's grant or denial of a stay. *Natural Resource Defense Council, Inc. v.*
10 *Winter*, 502 F.3d 859, 863-64 (9th Cir. 2007).

11 Having reviewed these factors, the court stays the matter for fifteen (15) days.
12 Respondent has shown a possibility, although not a likelihood, of success on the question of
13 whether "some evidence" supported the governor's decision. Balancing the hardships, the court
14 rejects respondent's contention that a stay which necessarily prolongs detention will not injure
15 petitioner. The court also rejects the argument that a stay furthers the public interest in
16 respecting the state's parole process. Nonetheless, the court concludes that the balance of
17 hardships, coupled with the possibility of success on appeal, warrants a limited stay of 15 days to
18 allow respondent to seek a further stay from the Ninth Circuit, pursuant to Fed. R. App. P.
19 8(a)(2)(A)(ii).

20 IT IS SO ORDERED.

21 DATED: 2/17/10

UNITED STATES DISTRICT JUDGE